**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

JIBRAN KHAN,

                       Plaintiff,                **REPORT & RECCOMMENDATION**

     v.                                                18-cv-0557 (ARR) (ST)

NYRENE INC. D/B/A SUBWAY
RESTAURANT and SHAWN CHOWDHURY,

                       Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

## INTRODUCTION

       This matter arises out of Plaintiff's attempts to enforce the judgment awarded to him by the Court in this case. In the instant action, Plaintiff seeks a contempt judgment against a third-party Defendant, Tatsu Ramen LLC, who employs or employed one of the original defendants that this Court's judgment was entered against, Mr. Shawn Chowdhury. Plaintiff sent Tatsu Ramen a subpoena for information regarding Mr. Chowdhury which was answered insufficiently and was never corrected, despite multiple opportunities. For the reasons below, I recommend Plaintiff's motion be denied with leave to re-file and that the Court issue an order compelling Tatsu Ramen to provide the requested information.

## CERTIFIED FACTS

       In April of 2020, default judgment was entered in this case against the original Defendants, Nyrene Inc. and Shawn Chowdhury in the amount of $13,761.69. *See* Def. Judg. Order and Def. Judg., ECF Nos. 36-37. In December of 2020, Plaintiff claims to have learned that Tatsu Ramen, the third-party defendant the instant contempt order is sought against, might

1

be employing Defendant Chowdhury. Barton Aff. ¶ 6, ECF No. 52. On December 7, 2021, Plaintiff served Tatsu Ramen with an information subpoena. Barton Aff. Ex. C., ECF No. 52-3. Attached to that subpoena were seven questions Plaintiff was demanding Tatsu Ramen answer with respect to Mr. Chowdhury's potential employment. *Id.*

Tatsu Ramen offered no initial response to the subpoena. As, a result, on February 24, 2021, this Court issued an order which read, "Tatsu Ramen LLC is ordered to comply with the Plaintiff's subpoena within 14 days…Failure to comply may result in a finding of contempt and sanctions." 02/24/21 Order, ECF No. 44. That order was served upon Tatsu Ramen (ECF No. 45), which did respond on March 2, 2021. *See* Barton Aff., Ex. D., ECF No. 52-5.

Plaintiff claims Tatsu Ramen's response was fatally deficient for two reasons. The first is that it was not notarized. The second was that its answer to Question 3 did not include the information requested. Question 3 asked how Chowdhury was paid by Tatsu Ramen. It said, "If he is paid by check and/or direct deposit, please provide any account information you have for Choudhury [*sic*], including bank information, account information, etc." *Id.* Tatsu Ramen responded that Chowdhury was paid by "direct deposit" but did not give any account information. *Id.*

On March 15, 2021, Plaintiff wrote the Court that Tatsu Ramen had failed to comply with its order. Pl. Status Report 3/15/21, ECF No. 46. On March 19, 2021, Plaintiff wrote a letter to Tatsu Ramen asking it to correct the deficiencies in its response and advising Tatsu Ramen that, "If Tatsu Ramen does not correct these deficiencies…Plaintiff will have no choice but to ask the Court to hold Tatsu Ramen in contempt for its failure to comply with a Court order." *See* Barton Aff., Ex. F., ECF No. 52-6. On March 30, after Tatsu Ramen did not respond, the Plaintiff again advised the Court that, "Tatsu Ramen has not made any effort to comply with Plaintiff's

2

request." Pl. Status Report 3/30/21, ECF No. 48.  This Court then directed Plaintiff to file a motion for sanctions. 04/06/21 Order.  Plaintiff served that order upon Tatsu Ramen who did not respond, supplement its answers to the subpoena, or file any response opposing this action.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(g), where a District Court requires compliance with a subpoena, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." F.R.C.P. R.45(g).  A court may hold a party in civil contempt for failure to comply with a court order where "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and unambiguous, (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Gucci Am. v. Bank of China,* 786 F.3d 122, 142 (2d Cir. 2014). The Court may use its contempt powers under Rule 45(g) against a non-party, however a court order compelling the compliance sought is generally a prerequisite to doing so. *Gov't Emples Ins. Co. v. N. Med. Care, P.C.*, 20-CV-1214, 2021 U.S. Dist. LEXIS 248224 at *3 (E.D.N.Y. Nov. 3, 2021).

A clear and unambiguous order is one that "leaves no uncertainty in the minds of those to whom [the order] is addressed." *Perez v. Danbury Hosp.*, 347 F.3d 419, 424 (2d Cir. 2003).  A District Court's power to impose contempt liability is carefully limited by the above three-prong test. *EEOC v. Local 638,* 81 F. 3d 1162, 1171 (2d Cir. 1996).

A Magistrate Judge's role on a civil contempt motion is to certify facts relevant to the issue of civil contempt to provide the District Judge information with which she may determine if the behavior complained of constitutes contempt.  A Magistrate Judge may also order that the

contemnor appear before the District Judge to show cause why it should not be held in contempt. *Gov't Emples Ins. Co.*, 2021 U.S. Dist. LEXIS 248224 at *2-3.

## DISCUSSION

Here, I do not believe it is clear that Tatsu Ramen is in contempt of this Court's order at this time. However, I do believe Plaintiff is entitled to the bank account information, and a clearer order should be issued.

The first prong of our inquiry is whether the order the contemnor violated was clear and unambiguous. The February 24, 2021 order from this court read, "Tatsu Ramen LLC is ordered to comply with Plaintiff's subpoena within 14 days of receipt of this Order. Failure to comply may result in a finding of contempt and sanctions." 02/24/21 Order, ECF No. 44. The subpoena itself contained a spot for a notarization. Barton Aff., Ex. D., ECF No. 52-5. It also read, in Question 3, "How does Tatsu Ramen pay Choudhury [*sic*]? Is he paid by cash or check? If he is paid by check and/or direct deposit, please provide any account information you have for Choudhury [*sic*], including bank information, account information, etc." *Id* at 4.

Tatsu Ramen did submit responses to the subpoena one week after this Court's order. However, those responses were not notarized. Additionally, in answer to Question 3, the response said only, "1) Paid via payroll; 2) No; 3) Direct Deposit." *Id*.

The civil contempt power is an "extreme remedy." *Stein Inds. Inc. v. Jarco Indus. Inc.,* 33 F. Supp 2d 163, 170 (E.D.N.Y. 1999) (citing *Int'l Longshoremen's Assn. v. Philadelphia Marine Trade Assn.,* 389 U.S. 64, 76 (1967)). While Plaintiff is entitled to a notarized response to the subpoena, failure to notarize is not the type of noncompliance such an extreme remedy is reserved for.

Additionally, I do not believe the order and subpoena together would leave no uncertainty in the mind of the Tatsu Ramen representative that they must provide the requested bank account information or face a contempt finding. The order commanded them to "comply" with the subpoena. The subpoena said, "Please provide *any account information you have…*" *Id.* (emphasis added). Because the request was conditional and the order general, I do not believe contempt is yet warranted here. For similar reasons, prong two of the inquiry, whether the contemnor's non-compliance was clear and unambiguous, is also not satisfied. It may have been that Tatsu Ramen did not have the information, rather than that it did and chose not to provide it.

However, I note that Tatsu Ramen has been given the opportunity to correct its response and has failed to, despite communication by Plaintiff's attorney and being served with a copy of the instant action. It is possible that Tatsu Ramen believes it is not required to provide the account information under the law.

"[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *Aurelius Capital Master, Ltd. v. Republic of Arg.,* 589 Fed. Appx. 16, 17 (2d Cir. 2014) (quoting *EM Ltd. v. Republic of Argentina*, 635 F.3d 201, 207 (2d Cir. 2012)). The federal rules allow for judgment creditors like the Plaintiff here to "obtain discovery from any person…as provided in these rules or by procedure of the state where the court is located." F.R.C.P. R. 69(a)(2). New York State permits discovery of "all matters relevant to the satisfaction of the judgment." N.Y. C.P.L.R. § 5223. Plaintiff has been unable to collect any portion of the judgment owed so far, and it is clear that Defendant Chowdhury's bank account information would aid in execution of this Court's judgment. Plaintiff is entitled to this information under the law.

5

Therefore, I recommend the District Court make clear Tatsu Ramen must supply the requested information, by issuing another order requiring Tatsu Ramen to submit a notarized copy of responses to Plaintiff's subpoena which include bank account information for Defendant Chowdhury within 14 days of receipt of the order or show cause that they should not have to supply it. If Tatsu Ramen still does not comply with this specific court order, I believe a contempt finding would then be warranted, and Tatsu Ramen's failure to comply should then be treated as willful, which would entitle Plaintiff to attorney's fees. *See Jaeger v. Massis,* No. 00-7390, 2000 U.S. App. LEXIS 27908 at *7 (2d Cir. Nov. 3, 2000).

## CONCLUSION

Thus, I recommend the District Court deny Plaintiff's motion temporarily, with leave to re-file. I recommend the District Court issue an order compelling Tatsu Ramen to supply a notarized response to Plaintiff's subpoena that includes Defendant Chowdhury's bank account information within 14 days of receipt of the Court's order. Should Tatsu Ramen fail to comply, I would then recommend that, upon the re-filing of Plaintiff's motion, the Court grant it.

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                        /s/
                                          Steven L. Tiscione
                                          United States Magistrate Judge
                                          Eastern District of New York

Dated: Central Islip, New York
        March 7, 2022